**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**MARSHALL HARRIS**                           **CIVIL ACTION**

**VERSUS**                                    **NO. 07-1618**

**H20 SPA AND SALON, HEATHER**                **SECTION: "C" (1)**
**MAHONEY, HOLLI GASPARD, AND**
**MICHAEL JOHN GASPARD**

<u>**ORDER & REASONS**</u>

This matter comes before the Court on a Motion to Dismiss pursuant to Federal

Rule of Civil Procedure 12(b)(6) filed by H20 Spa and Salon ("H20"), Heather Mahoney

("Mrs. Mahoney"), Holli Gaspard ("Mrs. Gaspard") and Michael John Gaspard ("Mr.

Gaspard") (collectively, "defendants") (Rec. Doc. 15).  The plaintiff, Marshall Harris

("Harris"), opposes the motion.  The motion is before the Court on the briefs, without

oral argument.  Having considered the memoranda of counsel, the record and the

applicable law, the Court finds as follows.

## I.   BACKGROUND

H20 is a salon and spa in Metairie, Louisiana that is owned and operated by Mrs. Mahoney and Mrs. Gaspard.[1]  In July 2000, Mr. Gaspard, a manager at H20, hired Harris to work as a receptionist.  Harris claims that Mr. Gaspard asked him may personal questions about his religion and sex life during the interview.  Harris also alleges that Mr. Gaspard inquired about his sexual orientation during his first week of employment.  Harris told Mr. Gaspard that he is homosexual.

Harris also claims that he was H20's Employee of the Year in 2000 and that he was soon promoted to manager.  According to Harris, Mr. Gaspard often called him away from his duties, to accompany Mr. Gaspard in other activities or to talk.  Harris also claims that during these talks Mr. Gaspard touched or grabbed parts of his body as "demonstration" during a story or to "see what his reaction would be."  Additionally, Harris claims that Mr. Gaspard repeatedly made personal sexual comments, inquired about Harris's sex life, talked about his own and on one occasion pulled down his pants to show Harris his buttocks.   Furthermore, Harris said that Mr. Gaspard frequently took him to lunch and paid for his birthday party.  Harris asserts that he told his managers of these alleged incidents and that they did not do anything about it, but

---

[1]      H20 is a Louisiana corporation, which is registered as H20 Hair, Inc.

rather told Mr. Gaspard what Harris said.

Harris also complains that he did not receive the same training opportunities, salaries and bonuses as similarly situated female employees.  For example, he alleges that Mrs. Mahoney did not invite him to join her hair finishing class because she allegedly felt that "[w]omen finish hair better than men." Rec. Doc. 1.  Also, he claims that Mrs. Mahoney failed to apprentice him, as she did for other employees.  Harris alleges that Mr. Gaspard told him that he did not receive bonuses because he was not "living right." Rec. Doc. 1.  Harris claims that the employees who received better treatment all attended the defendants church and/or Bible study groups.

According to Harris, Mr. Gaspard, Mrs. Gaspard and Mrs. Mahoney ignored his religious beliefs and repeatedly stated that they were praying for him.  He claims that they invited him to attend their church and Bible study groups.  Also, Harris asserts that Mrs. Gaspard once took him to see the children's area of her church, which was being redecorated, and told him that he would be "blessed" if he painted murals on the walls.  Rec. Doc. 1.

Harris was diagnosed as HIV positive in 2003.  Then in April 2004, he told Mr. Gaspard, allegedly in confidence, about his medical condition.  Harris alleges that Mr. Gaspard then told him that his medical condition was a result of his lifestyle, that he

would pray for Harris, that Harris's looks would deteriorate and that he was in the wrong industry.  Harris also alleges that Mr. Gaspard told at least one other employee about his HIV-positive status.

Harris was then fired from H20 in September 2004.  His termination papers state that he was fired because he discussed management level information with non-management personnel.

In June 2005, Harris filed a claim with the Equal Employment Opportunity Commission ("EEOC") for discrimination based on religion, sex and disability.  Then he brought this action on April 6, 2007 in which he asserts claims against H20, Mrs. Mahoney, Mrs. Gaspard and Mr. Gaspard under Title VII, 42 U.S.C. § 2000e, the Rehabilitation Act ("RA"), 29 U.S.C. § 791, *et. seq.*, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 1988, Louisiana Civil Code Articles 2315, 2316, 2317 and 2320, Louisiana Revised Statutes 23:301, *et. seq.* and 51:2231, *et. seq.*

H20, Mrs. Mahoney, Mrs. Gaspard and Mr. Gaspard filed this motion to dismiss, in which they seek to have Harris's claims under Title VII, the RA, the ADA and Louisiana Revised Statutes 23:301, *et. seq.* and 51:2231, *et. seq.* dismissed against the individual defendants.  They also seek dismissal of Harris's claims for intentional infliction of emotional distress, negligent infliction of emotional distress, defamation

4

and slander as to all defendants.

## II.   STANDARD OF REVIEW

This Court cannot dismiss a complaint under Rule 12(b)(6) unless it appears beyond a doubt that the plaintiff cannot prove a plausible set of facts in support of his claim which would entitled him to relief.  *Bell Atlantic Corp v. Twombly*, 127 S.Ct. 1955 (2007). Conclusory allegations or legal conclusions, however, will not suffice to defeat a motion to dismiss.  *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).  A court's ultimate conclusion that a case should be dismissed may rest "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera-Montenegro v. U.S.*, 74 F.3d 656, 659 (5th Cir. 1996) (citations omitted).

## III.   ANALYSIS

### A.   TITLE VII AND LOUISIANA REVISED STATUTES 23:302, *ET. SEQ.* AND/OR 51:2231, ET. SEQ.

Defendants move for the dismissal of Harris's Title VII and Louisiana Revised Statutes 23:302,  et. seq. and/or 51:2231, et. seq. claims against Mrs. Mahoney, Mrs.

Gaspard and Mr. Gaspard in their individual capacities.  The defendants assert that the individual defendants cannot be held liable in their individual capacities under these statutes.  Moreover, the claim that any liability that may attach to them in their official capacities, as officers or owners of H20 runes against the corporation.  Therefore, the defendants assert that Harris's these claims against the individual defendants must be dismissed.

Harris argues that the individual defendants cannot be dismissed because they are H20's agents, and thus his employers for the purposes of the above referenced statutes.  He also claims that they are employers because, H20 is the individual defendants' alter ego and it may be necessary to "pierce the corporate veil" to recover.

In order to impose Title VII liability upon an individual, the individual against whom recover is sought must qualify as an "employer" because individuals acting in their individual capacity who do not otherwise qualify as "employers" cannot be liable under Title VII.  *Grant v. Lone Star Co.*, 21 F.3d 649, 651 (5th Cir. 1994).  An "employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees . . .  and any agent of such person . . ." 42 U.S.C. § 2000e(b).  Immediate supervisors can be considered "employers" if they have been delegated rights traditionally associated with the employer, such as hiring and firing.  *Garcia v. Elf*

*Atochem North America*, 28 F.3d 445, 451 (5th Cir. 1994).  However, a suit against an employee in his or her official capacity is effectively a suit against the corporation, because the corporation is liable for an employee's conduct that occurred within the course and scope of his or her employment. *Oubre v. Entergy Operations, Inc.*, 1996 WL 28508 (E.D.La 1/22/1996) (*citing Sims v. Jefferson Downs Racing Assn., Inc.*, 778 F.2d 1068, 1081 (5th Cir. 1985)).

Harris alleges that Mrs. Mahoney, Mrs. Gaspard and Mr. Gaspard are individually liable to him under Title VII.  As shown above, Title VII does not provide for a cause of action against individual employees.  Similarly, there is no individual liability under Louisiana Revised Statutes 23:302, *et. seq.* and 51:2231, *et. seq. See Galbreth v. Bellsouth Telecommunications, Inc.* 896 F.Supp. 631, 634 (E.D.La. 1995); *Desmormeaux v. Wackenhut Services, Inc.*, 1994 WL 586432 (E.D.La. 8/18/1994); *King v. Phelps Dunbar*, 1997-2519 (La. App. 4 Cir. 6/3/1998), 716 So.2d 104, *writ granted*, 1998-1805 (La. 11/25/1998), 729 So.2d 579, *affirmed in part, vacated in part*, 1998-1805 (La. 6/4/1999), 743 So.2d 181; *Deviller v. Fidelity & Deposit Co. of Maryland*, 97-1200 (La. App. 3 Cir. 3/6/1998), 709 So.2d 277, *writ denied*, 98-0920 (La. 6/5/1998), 720 So.2d 680.   Therefore, Harris's Title VII and Louisiana Revised Statutes 23:302, *et. seq.* and 51:2231, *et. seq.* claims against Mrs. Mahoney, Mrs. Gaspard and Mr. Gaspard in their individual

capacities are **DISMISSED**.

**B.    AMERICANS WITH DISABILITIES ACT**

Harris also states claims against the individual defendants under the ADA.  The ADA prohibits "covered entities" from discriminating against qualified individuals who have disabilities.  42 U.S.C. § 12112(a).  "Covered entities" are employers, employment agencies, labor organizations or joint labor-management committees.  42 U.S.C. § 12111(2).  An "employer" is "a person engaged in an industry affecting commerce who has 15 or more employees . . . or any agent of such a person.  42 U.S.C. § 12111 (5)(A). The ADA definition of an employer is parallel to the Title VII definition.  As a result, like Title VII, there is no individual liability under the ADA.  *Starkman v. Evans*, 18 F.Supp.2d 630, 632 (E.D.La. 1998), *aff'd by*, 198 F.3d 175 (5th Cir. 1999), *cert denied*, 531 U.S. 814, 121 S.Ct. 49 (2000).  Thus, Harris's ADA claims against Mrs. Mahoney, Mrs. Gaspard and Mr. Gaspard in their individual capacities must be **DISMISSED**.

**C.    REHABILITATION ACT**

Harris acknowledges that he has not stated a claim under the RA against any of the defendants because they do not receive federal financial assistance.  *See* 29 U.S.C § 794.  Harris does not oppose dismissal of this claim.  Thus, Harris's claims against all

defendants under the RA are **DISMISSED**.

**D.    INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

The defendants argue that Harris has not sufficiently plead a cause of action for intentional infliction of emotional distress. First, they argue that the alleged conduct was not "extreme and outrageous."  They also contend that Harris failed to plead the other elements of the tort.  Specifically, they argue that Harris's claims for intentional infliction of emotional distress should be dismissed because he failed to plead: (1) that the alleged emotional distress suffered by him was severe; and (2) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct. Finally, the defendants characterize that Harris's claims against H20 as "employment disputes" that do not give rises to claims for intentional infliction of emotional distress.

To succeed on this claim, Harris must show: (1) that the alleged conduct was extreme and outrageous; (2) that the alleged emotional distress suffered by him was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct.  *White v. Monsanto*, 585 So.2d 1205, 1209 (La. 1991).  In order to show that the defendants' conduct was extreme or outrageous, the plaintiff must show that the

9

defendants' conduct was outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, to be regarded as atrocious, and utterly intolerable in a civilized community. *Nicholas v. Allstate*, 765 So.2d 1017, 1022 (La. 2000). Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions or other trivialities. *White*, 585 So.2d at 1209.  Persons must necessarily be expected to be hardened to a certain amount of rough language and occasional acts that are definitely inconsiderate and unkind. *Id.*  However, a pattern of severe, repeated harassment over time may result in liability for intentional infliction of emotional distress.  *See Bustamento v. Tucker*, 607 So.2d 532, 538 (La. 1992).  "Conduct which, viewed as an isolated incident, would not be outrageous or would not be likely to cause serious damage, can become such when repeated over a period of time." *Id.* (*citing* Restatement (Second) of Torts § 46, Comment (j) (noting that both the intensity and the duration of the distress are factors to be considered in determining whether a pattern of conduct is actionable)).  Activity in the Louisiana workplace can give rise to a cause of action for intentional infliction of emotional distress, however, the cause of action is limited "to cases which involve a pattern of deliberate, repeated harassment over a period of time.*" Nicholas*, 765 So.2d at 1026.

Here, Harris alleges that the defendants are liable for intentional infliction of

10

emotional distress because they subjected him to a hostile work environment.  He also claims that the alleged denial of training opportunities, bonuses and promotions constituted the intentional infliction of emotional distress.  Finally, Harris asserts that the defendants' are liable for the intentional infliction of emotional distress that allegedly resulted from Mr. Gaspard's grabbing Harris, lowering his pants to show Harris his buttocks and revealing Harris's HIV-positive status.  All tolled, Harris appears to allege that he there was a larger pattern of behavior which he claims was intended to cause him emotional distress.

The defendants point out that Harris did not specifically plead that he suffered emotional distress or that the defendants intended to cause him severe distress. However, under the "notice pleading" required by the Federal Rules of Civil Procedure, a plaintiff need not state with specificity the details of his allegations, but must merely put the defendant on notice of the general nature of his claims. *Donahoe v. Home Depot, U.S.C., Inc.*, 1999 WL 649635, at *2 (E.D.La. 8/24/1999).  The Court finds that Harris's allegations are sufficient to place the defendants on notice of his claim.  Thus, the Court will grant him leave to amend his pleading to more specifically state his claim for intentional infliction of emotional distress.

E.   <u>DEFAMATION</u>

Harris also asserts a claim for defamation.  Defamation is an invasion of a person's interest in his reputation and good name.  *Sassone v. Elder*, 626 So.2d 345, 350 (La. 1993).  To successfully recover for defamation, a plaintiff must prove the following elements: (1) defamatory words; (2) publication; (3) falsity; (4) malice, actual or implied; and, (5) injury resulting from the alleged conduct. *Brannan v. Wyeth Laboratories, Inc.*, 526 So.2d 1101, 1105 (La. 1988).  Defamatory words are those that tend to harm the reputation of another so as to lower the person in the estimation of the community, to deter others from associating or dealing with the person, or otherwise expose the person to contempt or ridicule. *Fitzgerald v. Tucker*, 98-2313 (La. 6/29/1999), 737 So.2d 706, 716.

Harris appears to have alleged two instances of defamation.  First, he asserts that the defendants' referring to his homosexuality was defamatory because H20 had an anti-homosexual environment.  Second, Harris claims that Mr. Gaspard's telling another employee about Harris's HIV-positive status was defamatory because it opened him to public condemnation.  The defendants argue that Harris's claims for defamation should be dismissed because the allegedly defamatory words are true.

Under Louisiana law, a plaintiff must prove that the allegedly defamatory words were false.  *See Brannan*, 526 So.2d at 1105.  Thus, truth is an absolute defense to an action for defamation. *Martin v. Lincoln Gen. Hosp.*, 588 So.2d 1329, 1333 (La. App. 2 Cir. 1991), *writ denied*, 592 So.2d 1302 (La. 1992) (*citing Pool v. Gaudin*, 209 La. 218, 24 So.2d 383 (1945)). Harris does not dispute that he is both homosexual and HIV-positive. Therefore, his claims for defamation against all defendants must be **DISMISSED**.

## F.    LOUISIANA CIVIL CODE ARTICLE 2316

Louisiana Civil Code article 2316 provides that every person is responsible for damages he causes by his negligence, imprudence or lack of skill. In order to prevail on a negligence claim, a person must prove: (1) that the defendant had a duty to conform his conduct to a specific standard of care; (2) that the defendant breached the duty by failing to conform his conduct to the appropriate standard; (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) the defendant's conduct was a legal cause of the plaintiff's injuries; and (5) actual damages.  *Mathieu v. Imperial Toy Corp.*, 94-0952 (La. 11/30/1994), 646 So.2d 318.

Here, the defendants argue that Harris has not stated a claim for negligence. They point out that Harris states that they had a duty to provide him with a work place free of discrimination, but that he failed to allege that any acts were committed

negligently.  The defendants also point out that Harris did not state his damages.  They argue that the individual defendants, Mrs. Mahoney, Mrs. Gaspard and Mr. Gaspard, did not owe Harris a duty to provide a workplace free of discrimination because they were merely employees of H20.  Also, they contend that H20 cannot be held liable for negligence because worker's compensation is the exclusive remedy for Harris's supposed negligence claim against H20**.**

Harris, on the other hand, argues that he has at least stated a claim for invasion of privacy for the disclosure of his medical condition.  He also contends that he has a claim for the battery, an intentional tort, due to Mr. Gaspard's allegedly touching him.

At this time it appears unclear from the pleadings exactly what type of negligence claims Harris intends to assert against the defendants.  However, pursuant to the "notice pleading" requirement, the Court finds that Harris's allegations are sufficient to place the defendants on notice of his claims for negligence.  As a result, the Court will grant Harris leave to amend his pleading to more specifically state his claim for negligence.

**IV.**     **CONCLUSION**

For the reasons stated above,

IT IS ORDERED that the Motion to Dismiss filed by H20, Mrs. Mahoney, Mrs. Gaspard and Mr. Gaspard (Rec. Doc. 15) is hereby **PARTIALLY GRANTED AND PARTIALLY DENIED**.

IT IS FURTHER ORDERED that:

1) Harris's Title VII, Louisiana Revised Statutes 23:302, *et. seq.* and 51:2231, *et. seq.* and ADA claims against Mrs. Mahoney, Mrs. Gaspard and Mr. Gaspard in their individual capacities are hereby **DISMISSED**.

2) Harris's claims against all defendants under the RA are hereby **DISMISSED**.

3) Harris's claims for defamation against all defendants are hereby **DISMISSED**.

4) Harris is must file an amended complaint in which more completely pleads his claims for intentional infliction of emotional distress and negligence within fifteen (15) days of the date of this order.

New Orleans, Louisiana this 31st day of August, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**MARSHALL HARRIS**                                 **CIVIL ACTION**

**VERSUS**                                          **NO. 07-1618**

**H20 SPA AND SALON, HEATHER**                      **SECTION: "C" (1)**
**MAHONEY, HOLLI GASPARD, AND**
**MICHAEL JOHN GASPARD**

## ORDER & REASONS

This matter comes before the Court on a Motion to Dismiss pursuant to Federal

Rule of Civil Procedure 12(b)(6) filed by H20 Spa and Salon ("H20"), Heather Mahoney

("Mrs. Mahoney"), Holli Gaspard ("Mrs. Gaspard") and Michael John Gaspard ("Mr.

Gaspard") (collectively, "defendants") (Rec. Doc. 15).  The plaintiff, Marshall Harris

("Harris"), opposes the motion.  The motion is before the Court on the briefs, without

oral argument.  Having considered the memoranda of counsel, the record and the

applicable law, the Court finds as follows.

I.    <u>Background</u>

H20 is a salon and spa in Metairie, Louisiana that is owned and operated by Mrs.

Mahoney and Mrs. Gaspard.[1]  In July 2000, Mr. Gaspard, a manager at H20, hired

Harris to work as a receptionist.  Harris claims that Mr. Gaspard asked him may

personal questions about his religion and sex life during the interview.  Harris also

alleges that Mr. Gaspard inquired about his sexual orientation during his first week of

employment.  Harris told Mr. Gaspard that he is homosexual.

Harris also claims that he was H20's Employee of the Year in 2000 and that he

was soon promoted to manager.  According to Harris, Mr. Gaspard often called him

away from his duties, to accompany Mr. Gaspard in other activities or to talk.  Harris

also claims that during these talks Mr. Gaspard touched or grabbed parts of his body as

"demonstration" during a story or to "see what his reaction would be."  Additionally,

Harris claims that Mr. Gaspard repeatedly made personal sexual comments, inquired

about Harris's sex life, talked about his own and on one occasion pulled down his pants

to show Harris his buttocks.   Furthermore, Harris said that Mr. Gaspard frequently

took him to lunch and paid for his birthday party.  Harris asserts that he told his

managers of these alleged incidents and that they did not do anything about it, but

---

[1]        H20 is a Louisiana corporation, which is registered as H20 Hair, Inc.

2

rather told Mr. Gaspard what Harris said.

Harris also complains that he did not receive the same training opportunities, salaries and bonuses as similarly situated female employees.  For example, he alleges that Mrs. Mahoney did not invite him to join her hair finishing class because she allegedly felt that "[w]omen finish hair better than men." Rec. Doc. 1.  Also, he claims that Mrs. Mahoney failed to apprentice him, as she did for other employees.  Harris alleges that Mr. Gaspard told him that he did not receive bonuses because he was not "living right." Rec. Doc. 1.  Harris claims that the employees who received better treatment all attended the defendants church and/or Bible study groups.

According to Harris, Mr. Gaspard, Mrs. Gaspard and Mrs. Mahoney ignored his religious beliefs and repeatedly stated that they were praying for him.  He claims that they invited him to attend their church and Bible study groups.  Also, Harris asserts that Mrs. Gaspard once took him to see the children's area of her church, which was being redecorated, and told him that he would be "blessed" if he painted murals on the walls.  Rec. Doc. 1.

Harris was diagnosed as HIV positive in 2003.  Then in April 2004, he told Mr. Gaspard, allegedly in confidence, about his medical condition.  Harris alleges that Mr. Gaspard then told him that his medical condition was a result of his lifestyle, that he

would pray for Harris, that Harris's looks would deteriorate and that he was in the wrong industry.  Harris also alleges that Mr. Gaspard told at least one other employee about his HIV-positive status.

In June 2005, Harris was then fired from H20 in September 2004.  His termination papers state that he was fired because he discussed management level information with non-management personnel.

In June 2005, Harris filed a claim with the Equal Employment Opportunity Commission ("EEOC") for discrimination based on religion, sex and disability.  Then he brought this action on April 6, 2007 in which he asserts claims against H20, Mrs. Mahoney, Mrs. Gaspard and Mr. Gaspard under Title VII, 42 U.S.C. § 2000e, the Rehabilitation Act ("RA"), 29 U.S.C. § 791, *et. seq.*, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 1988, Louisiana Civil Code Articles 2315, 2316, 2317 and 2320, Louisiana Revised Statutes 23:301, *et. seq.* and 51:2231, *et. seq.*

H20, Mrs. Mahoney, Mrs. Gaspard and Mr. Gaspard filed this motion to dismiss, in which they seek to have Harris's claims under Title VII, the RA, the ADA and Louisiana Revised Statutes 23:301, *et. seq.* and 51:2231, *et. seq.* dismissed against the individual defendants.  They also seek dismissal of Harris's claims for intentional infliction of emotional distress, negligent infliction of emotional distress, defamation

4

and slander as to all defendants.

## II.   STANDARD OF REVIEW

This Court cannot dismiss a complaint under Rule 12(b)(6) unless it appears beyond a doubt that the plaintiff cannot prove a plausible set of facts in support of his claim which would entitled him to relief.  *Bell Atlantic Corp v. Twombly*, 127 S.Ct. 1955 (2007). Conclusory allegations or legal conclusions, however, will not suffice to defeat a motion to dismiss.  *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).  A court's ultimate conclusion that a case should be dismissed may rest "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera-Montenegro v. U.S.*, 74 F.3d 656, 659 (5th Cir. 1996) (citations omitted).

## III.   ANALYSIS

### A.   TITLE VII AND LOUISIANA REVISED STATUTES 23:302, *ET. SEQ.* AND/OR 51:2231, ET. SEQ.

Defendants move for the dismissal of Harris's Title VII and Louisiana Revised Statutes 23:302,  et. seq. and/or 51:2231, et. seq. claims against Mrs. Mahoney, Mrs.

5

Gaspard and Mr. Gaspard in their individual capacities.  The defendants assert that the individual defendants cannot be held liable in their individual capacities under these statutes.  Moreover, the claim that any liability that may attach to them in their official capacities, as officers or owners of H20 runes against the corporation.  Therefore, the defendants assert that Harris's these claims against the individual defendants must be dismissed.

Harris argues that the individual defendants cannot be dismissed because they are H20's agents, and thus his employers for the purposes of the above referenced statutes.  He also claims that they are employers because, H20 is the individual defendants' alter ego and it may be necessary to "pierce the corporate veil" to recover.

In order to impose Title VII liability upon an individual, the individual against whom recover is sought must qualify as an "employer" because individuals acting in their individual capacity who do not otherwise qualify as "employers" cannot be liable under Title VII.  *Grant v. Lone Star Co.*, 21 F.3d 649, 651 (5th Cir. 1994).  An "employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees . . .  and any agent of such person . . ." 42 U.S.C. § 2000e(b).  Immediate supervisors can be considered "employers" if they have been delegated rights traditionally associated with the employer, such as hiring and firing. *Garcia v. Elf*

*Atochem North America*, 28 F.3d 445, 451 (5th Cir. 1994).  However, a suit against an employee in his or her official capacity is effectively a suit against the corporation, because the corporation is liable for an employee's conduct that occurred within the course and scope of his or her employment. *Oubre v. Entergy Operations, Inc.*, 1996 WL 28508 (E.D.La 1/22/1996) (*citing Sims v. Jefferson Downs Racing Assn., Inc.*, 778 F.2d 1068, 1081 (5th Cir. 1985)).

Harris alleges that Mrs. Mahoney, Mrs. Gaspard and Mr. Gaspard are individually liable to him under Title VII.  As shown above, Title VII does not provide for a cause of action against individual employees.  Similarly, there is no individual liability under Louisiana Revised Statutes 23:302, *et. seq.* and 51:2231, *et. seq. See Galbreth v. Bellsouth Telecommunications, Inc.* 896 F.Supp. 631, 634 (E.D.La. 1995); *Desmormeaux v. Wackenhut Services, Inc.*, 1994 WL 586432 (E.D.La. 8/18/1994); *King v. Phelps Dunbar*, 1997-2519 (La. App. 4 Cir. 6/3/1998), 716 So.2d 104, *writ granted*, 1998-1805 (La. 11/25/1998), 729 So.2d 579, *affirmed in part, vacated in part*, 1998-1805 (La. 6/4/1999), 743 So.2d 181; *Deviller v. Fidelity & Deposit Co. of Maryland*, 97-1200 (La. App. 3 Cir. 3/6/1998), 709 So.2d 277, *writ denied*, 98-0920 (La. 6/5/1998), 720 So.2d 680.   Therefore, Harris's Title VII and Louisiana Revised Statutes 23:302, *et. seq.* and 51:2231, *et. seq.* claims against Mrs. Mahoney, Mrs. Gaspard and Mr. Gaspard in their individual

capacities are **DISMISSED**.

**B.**    <u>AMERICANS WITH DISABILITIES ACT</u>

Harris also states claims against the individual defendants under the ADA.  The

ADA prohibits "covered entities" from discriminating against qualified individuals

who have disabilities.  42 U.S.C. § 12112(a).  "Covered entities" are employers,

employment agencies, labor organizations or joint labor-management committees.  42

U.S.C. § 12111(2).  An "employer" is "a person engaged in an industry affecting

commerce who has 15 or more employees . . . or any agent of such a person.  42 U.S.C. §

12111 (5)(A). The ADA definition of an employer is parallel to the Title VII definition.

As a result, like Title VII, there is no individual liability under the ADA.  *Starkman v.*

*Evans*, 18 F.Supp.2d 630, 632 (E.D.La. 1998), *aff'd by*, 198 F.3d 175 (5th Cir. 1999), *cert*

*denied*, 531 U.S. 814, 121 S.Ct. 49 (2000).  Thus, Harris's ADA claims against Mrs.

Mahoney, Mrs. Gaspard and Mr. Gaspard in their individual capacities must be

**DISMISSED**.

**C.**    <u>REHABILITATION ACT</u>

Harris acknowledges that he has not stated a claim under the RA against any of

the defendants because they do not receive federal financial assistance.  *See* 29 U.S.C §

794.  Harris does not oppose dismissal of this claim.  Thus, Harris's claims against all

8

defendants under the RA are **DISMISSED**.

**D.**   __I__NTENTIONAL __I__NFLICTION OF __E__MOTIONAL __D__ISTRESS

The defendants argue that Harris has not sufficiently plead a cause of action for intentional infliction of emotional distress. First, they argue that the alleged conduct was not "extreme and outrageous." They also contend that Harris failed to plead the other elements of the tort. Specifically, they argue that Harris's claims for intentional infliction of emotional distress should be dismissed because he failed to plead: (1) that the alleged emotional distress suffered by him was severe; and (2) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct. Finally, the defendants characterize that Harris's claims against H20 as "employment disputes" that do not give rises to claims for intentional infliction of emotional distress.

To succeed on this claim, Harris must show: (1) that the alleged conduct was extreme and outrageous; (2) that the alleged emotional distress suffered by him was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct. *White v. Monsanto*, 585 So.2d 1205, 1209 (La. 1991). In order to show that the defendants' conduct was extreme or outrageous, the plaintiff must show that the

defendants' conduct was outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, to be regarded as atrocious, and utterly intolerable in a civilized community. *Nicholas v. Allstate*, 765 So.2d 1017, 1022 (La. 2000). Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions or other trivialities. *White*, 585 So.2d at 1209.  Persons must necessarily be expected to be hardened to a certain amount of rough language and occasional acts that are definitely inconsiderate and unkind. *Id.*  However, a pattern of severe, repeated harassment over time may result in liability for intentional infliction of emotional distress.  *See Bustamento v. Tucker*, 607 So.2d 532, 538 (La. 1992).  "Conduct which, viewed as an isolated incident, would not be outrageous or would not be likely to cause serious damage, can become such when repeated over a period of time." *Id.* (*citing* Restatement (Second) of Torts § 46, Comment (j) (noting that both the intensity and the duration of the distress are factors to be considered in determining whether a pattern of conduct is actionable)).  Activity in the Louisiana workplace can give rise to a cause of action for intentional infliction of emotional distress, however, the cause of action is limited "to cases which involve a pattern of deliberate, repeated harassment over a period of time*." Nicholas*, 765 So.2d at 1026.

　　　　Here, Harris alleges that the defendants are liable for intentional infliction of

emotional distress because they subjected him to a hostile work environment.  He also claims that the alleged denial of training opportunities, bonuses and promotions constituted the intentional infliction of emotional distress.  Finally, Harris asserts that the defendants' are liable for the intentional infliction of emotional distress that allegedly resulted from Mr. Gaspard's grabbing Harris, lowering his pants to show Harris his buttocks and revealing Harris's HIV-positive status.  All tolled, Harris appears to allege that he there was a larger pattern of behavior which he claims was intended to cause him emotional distress.

The defendants point out that Harris did not specifically plead that he suffered emotional distress or that the defendants intended to cause him severe distress.  However, under the "notice pleading" required by the Federal Rules of Civil Procedure, a plaintiff need not state with specificity the details of his allegations, but must merely put the defendant on notice of the general nature of his claims. *Donahoe v. Home Depot, U.S.C., Inc.*, 1999 WL 649635, at *2 (E.D.La. 8/24/1999).  The Court finds that Harris's allegations are sufficient to place the defendants on notice of his claim.  Thus, the Court will grant him leave to amend his pleading to more specifically state his claim for intentional infliction of emotional distress.

11

**E.**    <u>DEFAMATION</u>

Harris also asserts a claim for defamation.  Defamation is an invasion of a

person's interest in his reputation and good name.  *Sassone v. Elder*, 626 So.2d 345, 350

(La. 1993).  To successfully recover for defamation, a plaintiff must prove the following

elements: (1) defamatory words; (2) publication; (3) falsity; (4) malice, actual or implied;

and, (5) injury resulting from the alleged conduct. *Brannan v. Wyeth Laboratories, Inc.*,

526 So.2d 1101, 1105 (La. 1988).  Defamatory words are those that tend to harm the

reputation of another so as to lower the person in the estimation of the community, to

deter others from associating or dealing with the person, or otherwise expose the

person to contempt or ridicule. *Fitzgerald v. Tucker*, 98-2313 (La. 6/29/1999), 737 So.2d

706, 716.

Harris appears to have alleged two instances of defamation.  First, he asserts that

the defendants' referring to his homosexuality was defamatory because H20 had an

anti-homosexual environment.  Second, Harris claims that Mr. Gaspard's telling another

employee about Harris's HIV-positive status was defamatory because it opened him to

public condemnation.  The defendants argue that Harris's claims for defamation should

be dismissed because the allegedly defamatory words are true.

Under Louisiana law, a plaintiff must prove that the allegedly defamatory words were false.  *See Brannan*, 526 So.2d at 1105.  Thus, truth is an absolute defense to an action for defamation. *Martin v. Lincoln Gen. Hosp.*, 588 So.2d 1329, 1333 (La. App. 2 Cir. 1991), *writ denied*, 592 So.2d 1302 (La. 1992) (*citing Pool v. Gaudin*, 209 La. 218, 24 So.2d 383 (1945)). Harris does not dispute that he is both homosexual and HIV-positive. Therefore, his claims for defamation against all defendants must be **DISMISSED**.

## F.   LOUISIANA CIVIL CODE ARTICLE 2316

Louisiana Civil Code article 2316 provides that every person is responsible for damages he causes by his negligence, imprudence or lack of skill. In order to prevail on a negligence claim, a person must prove: (1) that the defendant had a duty to conform his conduct to a specific standard of care; (2) that the defendant breached the duty by failing to conform his conduct to the appropriate standard; (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) the defendant's conduct was a legal cause of the plaintiff's injuries; and (5) actual damages.  *Mathieu v. Imperial Toy Corp.*, 94-0952 (La. 11/30/1994), 646 So.2d 318.

Here, the defendants argue that Harris has not stated a claim for negligence. They point out that Harris states that they had a duty to provide him with a work place free of discrimination, but that he failed to allege that any acts were committed

13

negligently.  The defendants also point out that Harris did not state his damages.  They argue that the individual defendants, Mrs. Mahoney, Mrs. Gaspard and Mr. Gaspard, did not owe Harris a duty to provide a workplace free of discrimination because they were merely employees of H20.  Also, they contend that H20 cannot be held liable for negligence because worker's compensation is the exclusive remedy for Harris's supposed negligence claim against H20.

Harris, on the other hand, argues that he has at least stated a claim for invasion of privacy for the disclosure of his medical condition.  He also contends that he has a claim for the battery, an intentional tort, due to Mr. Gaspard's allegedly touching him.

At this time it appears unclear from the pleadings exactly what type of negligence claims Harris intends to assert against the defendants.  However, pursuant to the "notice pleading" requirement, the Court finds that Harris's allegations are sufficient to place the defendants on notice of his claims for negligence.  As a result, the Court will grant Harris leave to amend his pleading to more specifically state his claim for negligence.


**IV.   CONCLUSION**

For the reasons stated above,

14

IT IS ORDERED that the Motion to Dismiss filed by H20, Mrs. Mahoney, Mrs. Gaspard and Mr. Gaspard (Rec. Doc. 15) is hereby **PARTIALLY GRANTED AND PARTIALLY DENIED**.

IT IS FURTHER ORDERED that:

1) Harris's Title VII, Louisiana Revised Statutes 23:302, *et. seq.* and 51:2231, *et. seq.* and ADA claims against Mrs. Mahoney, Mrs. Gaspard and Mr. Gaspard in their individual capacities are hereby **DISMISSED**.

2) Harris's claims against all defendants under the RA are hereby **DISMISSED**.

3) Harris's claims for defamation against all defendants are hereby **DISMISSED**.

4) Harris is must file an amended complaint in which more completely pleads his claims for intentional infliction of emotional distress and negligence within fifteen (15) days of the date of this order.

New Orleans, Louisiana this 31st day of August, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

15