UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARSHALL HARRIS                                          CIVIL ACTION

VERSUS                                                   NO. 07-1618

H20 SPA AND SALON, ET AL                                 SECTION "C"  (1)

ORDER AND REASONS

This matter comes before the Court on motion to dismiss filed by H20 Spa and Salon, Heather Mahoney, Hololi Gaspard and Michael John Gaspard.  (Rec. Doc. 26). Having considered the record, the memoranda of counsel and the law, the Court has determined that dismissal is appropriate for the following reasons.

The plaintiff is making several claims arising out of his September 2004 termination from employment at the defendants' salon.  He filed a charge of discrimination based on sex, disability and religion with the Equal Employment Opportunity Commission on June 14, 2005.   He received a right to sue letter in January 2007, and filed suit in April 2007.   Included in the complaint and amended complaint are claims under Louisiana state law for employment discrimination under La. Rev.

1

Stat. §23:301, *et seq.*, and La. Rev. Stat. § 51:2231, *et seq.*, and for slander, defamation and intentional infliction of emotional distress, assault, battery and invasion of privacy. (Rec. Docs. 1, ¶ 31; Rec. Doc. 24, ¶ 31). The defendants seek dismissal of all state law claims as time-barred.

There is no dispute that the state law claims were filed beyond the applicable prescriptive periods. Instead, the plaintiff argues that the defense of prescription should have been raised in the first motion to dismiss filed by the defendants, and is therefore waived under Fed. R. Civ. P. 12(g).[1] However, the Fifth Circuit has held that "[t]he statute of limitations is not a defense that if not raised in a Rule 12(b)(6) motion is

---

[1] Rule 12(g) provides:
A party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party. If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.

Rule 12(h)(2) provides:
A defense of failure to state a claim upon which relief can be granted, a defense of failure to join a party indispensable under Rule 19, and an objection of failure to state a legal defense to a claim may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at trial on the merits.

waived thereafter." for purposes of Rules 12(g) and 12(h)(2). *United Transportation Union v. Florida East Coast Railway Co.*, 586 F.2d 520,527 (5th Cir. 1978). See also *Huss v. Gayden*, 465 F.3d 201 (5th Cir. 2006).

The plaintiff next argues that the state law claims should be equitably tolled based on the rule set forth in *Chappell v. Emco Machine Works Co.*, 6021 F.2d 1295 (5th Cir. 1979). That case, however, dealt only with the issue of tolling with respect to Title VII claims, and provides no support for the plaintiff's argument. The Court does not reach the issue whether the state tort claims have been sufficiently plead.

Accordingly,

IT IS ORDERED that the motion to dismiss filed by H20 Spa and Salon, Heather Mahoney, Holli Gaspard and Michael John Gaspard is GRANTED. (Rec. Doc. 26).

New Orleans, Louisiana, this 14th of November, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

3